Filing # 87087723 E-Filed 03/28/2019 08:51:30 AM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I. CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

Plaintiff
vs.

Defendant

### II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**EXHIBIT A**

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**III.** **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☒ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

**IV.** **NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

2

**V.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

**VI.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Nathaly Saavedra    FL Bar No.: 118315
       Attorney or party                                                     (Bar number, if attorney)

Nathaly Saavedra    03/28/2019
       (Type or print name)                                                  Date

Filing # 87087723 E-Filed 03/28/2019 08:51:30 AM

                                                    IN THE CIRCUIT COURT OF THE
                                                    11TH JUDICIAL CIRCUIT IN AND FOR
                                                    MIAMI DADE COUNTY, FLORIDA

TAHIMY SANTANA,

      Plaintiff,

v.                                          Case No.

AMERICAN SALES AND
MANAGEMENT ORGANIZATION, LLC,
a Florida Limited Liability Company,

      Defendant.
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, TAHIMY SANTANA ("Plaintiff"), on behalf of herself and other employees and former employees similarly situated by and through the undersigned counsel, hereby sues Defendant, AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, ("Defendant(s)"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff on behalf of herself and other employees and former employees similarly situated for damages for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and Florida common law.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, it's a Florida Limited Liability having its principal place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Miami Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami Dade County, Florida and payment was due in Miami Dade County, Florida.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff and other similarly situated employees are non-exempt employees of Defendant and are subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

9. Plaintiff began working for Defendant on or about August 2015 to on or about February 11, 2019.

10. On or about December 2018, Defendant implemented a new payroll system. This system, automatically deducted thirty (30) minutes daily from the employees' hours regardless of whether or not the employee took a break.

11. As a result of these improper deductions, Plaintiff and other similarly situated employees were not compensated for all the hours worked

12. Specifically, Plaintiff and other similarly situated employees were not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

13. The members of the putative collective action are Plaintiff and those employees who did not receive compensation for all the hours worked.

14. On or about January 4, 2019, Plaintiff complained and/or objected to the Defendant's failure to properly pay wages to her manager Fernando (LNU) and a Human Resources representative.

15. On or about February 11, 2019, Defendant terminated Plaintiff in retaliation for engaging the protected activity described above.

16. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Wage & Hour Federal Statutory Violation*

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this Complaint as if set out in full herein.

18. This action is brought by Plaintiff to recover from Defendants unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-

specified at a rate not less than one and a half times the regular rate at which he is employed."

19. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

20. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

21. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

22. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

23. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

24. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made

by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

25. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

26. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT II
*FLSA Retaliation Violation*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this Complaint as if set out in full herein.

28. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

29. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

30. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

31. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: March 28, 2019

Respectfully submitted,

/s/ **Nathaly Saavedra**
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
ns@rgpatttorneys.com
Carlos D. Serrano, Esq.
Fla. Bar No. 1010125
cs@rgpattorneys.com
***Remer & Georges-Pierre, PLLC***
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

TAHIMY SANTANA,

    Plaintiff,

vs.                                          Case No. 2019-009533-CA-01

AMERICAN SALES
AND MANAGEMENT ORGANIZATION, LLC,
Florida Limited Liability Company,

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, through its Registered Agent:

        CORPORATE CREATIONS NETWORK, INC.
        7200 CORPORATE CENTER DR
        MIAMI, FL 33126

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER M. HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET. STE. 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        
CLERK                            DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

TAHIMY SANTANA,

    Plaintiff,

vs.                                    Case No. 2019-009533-CA-01

AMERICAN SALES
AND MANAGEMENT ORGANIZATION, LLC,
Florida Limited Liability Company,

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, through its Registered Agent:

        CORPORATE CREATIONS NETWORK, INC.
        7200 CORPORATE CENTER DR
        MIAMI, FL 33126

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER M. HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET. STE. 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

| Harvey Ruvin,<br>Clerk of Courts | 4/11/2019 |
|---|---|
| CLERK | DATE |
| (BY) DEPUTY CLERK | |

Filing '531316 E-Filed 04/05/2019 11:09:16 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

TAHIMY SANTANA,

    Plaintiff,

vs.

Case No. 2019-009533-CA-01 *RA*

*Corporate Creations*
*Networks Inc*

AMERICAN SALES
AND MANAGEMENT ORGANIZATION, LLC,
Florida Limited Liability Company,

DATE 4/18/19    10:55 AM

    Defendant.

INITIALS _____    5.00

_____/

## SUMMONS IN A CIVIL CASE

TO: AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, through its Registered Agent:

    CORPORATE CREATIONS NETWORK, INC.
    7200 CORPORATE CENTER DR #206
    MIAMI, FL 33126

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER M. HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET, STE. 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts      4/11/2019

CLERK                    DATE

(BY) DEPUTY CLERK

OJF SERVICES, INC.
954.920.4215
WWW.OJFSERVICES.COM

6202

Filing # 88309018 E-Filed 04/22/2019 12:35:47 PM

## RETURN OF SERVICE

State of Florida        County of Dade        Circuit Court

Case Number: 2019-009533-CA-01

Plaintiff:
**TAHIMY SANTANA**

vs.

Defendant:
**AMERICAN SALES AND MANAGEMENT ORGANIZATION,LLC**

For:
Peter Michael Hoogerwoerd
REMER & GEORGES-PIERRE, PLLC.
44 West Flagler Street
Suite 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 17th day of April, 2019 at 10:13 am to be served on **AMERICAN SALES AND MANAGEMENT ORGANIZATION,LLC., REG. AGENT CORPORATE CREATIONS NETWORK,INC., 7200 CORPORATE CENTER DR, MIAMI, FL 33126.**

I, GLENVILLE SMITH, do hereby affirm that on the **18th day of April, 2019 at 10:55 am, I:**

**CORPORATE SERVED:** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **CLARA SUTTO EMPLOYEE OF CORPORATE CREATIONS NETWORK, INC** at the address of: **7200 CORPORATE CENTER DR, #206, MIAMI, FL 33126** as registered agent for **AMERICAN SALES AND MANAGEMENT ORGANIZATION,LLC., REG. AGENT CORPORATE CREATIONS NETWORK,INC.**, and informed said person of the contents therein, in compliance with state statutes 48.081.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

GLENVILLE SMITH
CPS # 502

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2019006202

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0h

